UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LUCAS WALL,** : | |
| : | |
| Plaintiff, : | |
| : | Case No. 21-cv-2202-RC |
| v. : | |
| : | District Judge Rudolph Contreras |
| **INTERNAL REVENUE SERVICE *et al.*,** : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

COMES NOW Plaintiff, *pro se*, and moves for an order granting me leave to file an amended complaint within 21 days of the entry of such an order.

**I. PROCEDURAL HISTORY**

I filed a Statement of Claim against Defendants Internal Revenue Service ("IRS") and United States of America on July 21, 2021, in the District of Columbia Superior Court's Small Claims & Conciliation Branch (Case No. 2021-SC3-681). I expected the case to proceed using the small-claims branch's simplified rules. I have been involved in prior small-claims cases. An initial hearing is held, where the parties are referred to a mediator to try to work out a settlement. I expected this process would occur with the IRS concerning the 2016 and 2018 tax refunds it has refused to pay me. Only if mediation fails does the case return to a small-claims magistrate for trial – and often the magistrate will order at least one more mediation session.

However, the IRS removed this case to U.S. District Court on Aug. 18, 2021. Doc. 1. This Court's procedures are way more complicated than the small-claims branch of D.C. Superior Court.

Defendant IRS filed a Motion to Dismiss on Sept. 30, asserting this Court does not have subject-matter jurisdiction to hear my Statement of Claim. Doc. 7. It's disingenuous of the IRS to remove this case from

Superior Court and then assert this Court lacks jurisdiction. If that's true, the case should have remained in Superior Court for small-claims mediation.

After the IRS filed its Motion to Dismiss, I spoke with defense counsel Kristina Portner regarding trying to settle the case. She refused, claiming I somehow owe the IRS about $24,000 when in fact the IRS owes me about $8,500. Ms. Portner told me for the first time that the IRS had considered my lump-sum disability insurance payment received in 2016 covering years 2012-16 all as part of my 2016 tax return rather than the appropriate procedure of applying the payments across all five years they cover. She said she doesn't consider my 2012-15 tax returns before the Court because my Superior Court Statement of Claim only addressed the refunds IRS owes me from 2016 and 2018.

After the IRS filed its Motion to Dismiss, the Court entered an Order directing me to respond by today (Nov. 1). Doc. 8. This motion constitutes my timely response.

## II. ARGUMENT

I must be given an opportunity to amend my Statement of Claim to a formal complaint as this case shifted from Superior Court's small-claims branch to U.S. District Court, with vastly different pleading standards and procedures. The Court must allow me to file a formal complaint that includes tax years 2012-15 as well as 2016 and 2018 since the IRS is erroneously not applying my 2016 lump-sum disability insurance payment across all five years of 2012-16.

The Court should grant my motion for leave to amend because I meet the requirements under Fed.R.Civ.P. 15 and because I am a *pro se* litigant.

**A. I should be granted leave to amend in the interest of justice.**

When a party seeks to amend its pleading after a responsive pleading or motion to dismiss has been filed, "Leave to amend a complaint under Rule 15(a) 'shall be freely given when justice so requires.' Fed.R.Civ.P. 15(a); *see Foman v. Davis*, 371 U.S. 178, 182 … (1962). Although the grant or denial of leave

2

to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments ... [or] futility of amendment.' *Foman*, 371 U.S. at 182 …" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

The Court has discretion to decide whether to grant a plaintiff leave to amend. *See Swanson v. U.S. Forest Serv.*, 87 F.3d 399, 343 (9th Cir. 1996). In its exercise of this discretion, the Court should apply Rule 15 to "facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Furthermore, the Court shall interpret the language for granting amendments under Rule 15 with "extreme liberality." *Id*.

When evaluating whether to grant a party's motion for leave to amend its pleading, the Court should consider: 1) undue delay; 2) prejudice to the opposing party; 3) futility of the amendment; 4) bad faith; and 5) whether the plaintiff has previously amended his complaint. *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996), quoting *Foman*, 371 U.S. at 182.

The Supreme Court requires that where the "facts and circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id*.

The five factors are not considered equally. Prejudice is the most important factor and is given the most weight. *Eminence Capital, LLC v. Aspeon*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman* at 182). Therefore, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*.

One of the five *Foman* factors alone is not sufficient to justify the denial of a request for leave to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

"The Supreme Court stated in *Foman* that while the decision to grant or deny leave to amend is within the trial court's discretion, 'outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the

3

spirit of the Federal Rules.' 371 U.S. at 182 ... We too have emphasized that a proper exercise of discretion requires that the district court provide reasons. *See Parker v. Baltimore & Ohio R.R.*, 652 F.2d 1012, 1018-1020 (D.C. Cir. 1981) (reversing district court's denial of leave to amend, and remanding to the district court either to grant plaintiff leave to amend or provide sufficient reasons for its denial)." *Firestone* at 1209. "[W]hen a more carefully drafted complaint might state a claim, the plaintiff must be given a chance to amend before dismissal." *Hollis v. W. Acad. Charter*, 782 F. App'x 951, 955 (11th Cir. 2019).

In this case, allowing me to file an amended complaint would not cause any undue delay to the IRS. I am the one owed money here, not the government. I am not filing this motion with undue delay. As noted above, today is the deadline set by the Court for me to respond to IRS' Motion to Dismiss. Rather than file an opposition brief, I wish to gain leave of the Court to amend the Statement of Claim to a formal complaint.

I have already acted in good faith by reaching out to defense counsel to state my desire to settle the case rather than require the Court's intervention. However, IRS counsel refused to discuss any settlement prospects with me. Therefore, I must move ahead with seeking leave to amend my pleading.

For the same reason, my proposed amended complaint does not unduly prejudice the IRS because I've given it an opportunity to discuss settlement. And it was the IRS' decision, not mine, to remove this action to federal court, where the procedures are much more complex than D.C. Superior Court's small-claims branch.

My amendment will not be futile because it will bring tax years 2012-15 properly before the Court since after filing the Statement of Claim in Superior Court, I first learned of the IRS' wrong position that all of my lump-sum disability payments for 2012-16 should be taxed as if earned only in 2016. Finally, I do not seek to amend in bad faith.

**B. I am a *pro se* litigant and should be granted special disposition to amend.**

"Courts are particularly reluctant to deny leave to amend to *pro se* litigants." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). I waited until my deadline to respond to the IRS' Motion to Dismiss because I needed time to research what my options are. I determined amending is the much better course of action than opposing the Motion to Dismiss. Then I had to research the rules and law on how to amend a pleading.

In particular, "[u]nless it is absolutely clear that no amendment can cure the defect … a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dept. of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

WHEREFORE, I respectfully request the Court enter the attached proposed order granting me leave to amend my Statement of Claim within 21 days of the when the order is signed.

Pursuant to LCvR 7(m), I discussed this motion with Kristina Portner, counsel for Defendants IRS and United States of America. Ms. Portner informed me the government can't state a position on this motion until it sees the proposed amended complaint. However, I have yet to draft the new pleading because it would be futile and a waste of time to do so if the Court were to deny this motion.

Respectfully submitted this 1st day of November 2021.

*Lucas Wall*

Lucas Wall, plaintiff
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com