IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUCAS WALL, | ) |
| | ) Case No. 1:21-cv-02202 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERNAL REVENUE SERVICE AND | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

The United States of America and Internal Revenue Service ("IRS"), by their undersigned counsel, respectfully request that the Court deny the Plaintiff's motion to compel. The Plaintiff's motion seeks to compel (1) Defendants to show cause as to why this lawsuit should not be dismissed, (2) to produce the IRS letter mailed to Plaintiff in November 2021, and (3) if that letter does not show that Plaintiff has an account balance of zero, to produce a declaration testifying as to the IRS's current belief as to Plaintiff's tax balance. The Plaintiff's motion should be denied because Defendants do not oppose dismissal of this lawsuit. The Plaintiff has received the refund sought in the complaint, which moots the remaining relief sought in his motion.

## BACKGROUND

Plaintiff filed a complaint seeking a tax refund of $8,556. Dkt. 5-2 at 4. The United States filed a motion to dismiss the complaint because Plaintiff failed to account for an income tax assessment of $24,885, and therefore Plaintiff had not overpaid his tax liability. Dkt. 7-1 at 2. After the motion to dismiss was filed, however, it was determined that the Internal Revenue Service

had abated $21,872 of the tax assessment. This resulted in the issuance of the $8,937.69 tax refund requested by the Plaintiff in the complaint. As a consequence, the United States contends the complaint should be dismissed because the Plaintiff has obtained the relief sought in the complaint. [1]

## ARGUMENT

Plaintiff's motion to compel Defendants to show cause why the lawsuit should not be dismissed should be denied because Defendants do not oppose dismissal. "A federal court is a court of limited jurisdiction, which is restricted to hearing and deciding actual cases or controversies." *Miller v. Coll. Fin. Advisory*, 2009 WL 1872469, at *1 (D.D.C. June 30, 2009) (internal citation omitted); *see also Fed. Exp. Corp. v. Air Line Pilots Ass'n*, 67 F.3d 961, 963 (D.C. Cir. 1995) ("The federal courts are powerless to decide any matter unless it involves a case or controversy."). "Accordingly, if an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot. If, for example, the court can provide no effective remedy because a party has already obtained all the relief that it has sought, a case has become moot and, thus, the federal courts lack jurisdiction to decide the matter." *Residential Credit Opportunities Tr. v. Poblete*, 245 F. Supp. 3d 91, 95 (D.D.C. 2017) (internal citations omitted).

Plaintiff's complaint seeks a tax refund of $8,556. Dkt. 5-2 at 4. The IRS issued the requested tax refund to Plaintiff. Dkt. 13 at 2. There was no other relief sought in the lawsuit. As a result, the current litigation is moot and Defendants agree it should be dismissed.

---

[1] The Tax Division has requested information from the Internal Revenue Service to determine whether the tax abatement was erroneous. If the tax abatement was erroneous, the United States may file a suit to recover the refund as erroneous under 26 U.S.C. § 7405. That determination, however, has not been completed at this time and does not impact the dismissal of this case, as an erroneous refund suit would be a separate and distinct proceeding.

Plaintiff's motion also seeks to compel Defendants to produce the IRS letter mailed to Plaintiff in November 2021 and, if that letter does not show that Plaintiff has an account balance of zero, to produce a declaration testifying as to the IRS's current belief as to Plaintiff's tax balance. That request should be denied as moot because the Plaintiff has received all the relief sought in his complaint.

Further, to the extent that Plaintiff is seeking a declaration that the United States will not file an erroneous refund suit or otherwise seek to recover funds related to Plaintiff's 2016 tax liabilities, the request is barred by the Anti-Injunction Act. Under the Anti-Injunction Act, except as explicitly provided by the statute, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *McNeil v. Comm'r, Internal Revenue*, 179 F. Supp. 3d 1, 6 (D.D.C. 2016). Plaintiff's effort to obtain a declaration that Defendants have determined that he owes an amount certain of zero dollars that will not later change would have the effect of restraining the assessment or collection of a tax and is barred by the Anti-Injunction Act. *See, e.g., DePolo v. Ciraolo-Klepper*, 197 F. Supp. 3d 186, 190–91 (D.D.C. 2016) (holding that request to bar the IRS from preparing substitute tax returns and determining plaintiff's tax liability must be dismissed under the Anti-Injunction Act).

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to compel.

| | |
|---|---|
| Dated:  December 8, 2021 | Respectfully submitted,<br><br>DAVID A. HUBBERT<br>Deputy Assistant Attorney General<br><br>*/s/ Kristina M. Portner*<br>KRISTINA M. PORTNER<br>D.C. Bar Number 1002793<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 227<br>Washington, D.C. 20044<br>Tel: 202-514-0451<br>Fax: 202-514-6866<br>kristina.m.portner@usdoj.gov<br>*Counsel for the United States of America* |

## CERTIFICATE OF SERVICE

I certify that on December 8, 2021, I electronically filed the foregoing Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Compel and Proposed Order with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Plaintiff.

                                                */s/ Kristina M. Portner*
                                                KRISTINA M. PORTNER
                                                Trial Attorney
                                                United States Department of Justice, Tax Division