**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LUCAS WALL,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 21-cv-2202-JMC |
| v. | : | |
| | : | District Judge Jia Cobb |
| **INTERNAL REVENUE SERVICE** *et al.,* | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL DEFENDANTS**
**TO PRODUCE IRS LETTER & TO SHOW CAUSE WHY THIS LAWSUIT SHOULD NOT BE DISMISSED**

COMES NOW plaintiff, *pro se*, and replies to the opposition filed Dec. 8 (Doc. 14) by Defendants

Internal Revenue Service ("IRS") and United States of America to my motion filed Nov. 24 (Doc. 13) asking

the Court order the defendants to: A) produce the letter IRS sent me in October that I haven't received;

B) if that letter does not show my account balance as zero, to produce a declaration testifying to the IRS'

current belief of my tax balance; and C) to show cause why this case shouldn't be dismissed because IRS

has paid my two tax refunds that are the subject of the Statement of Claim.

In their opposition brief, the defendants failed to produce the letter IRS sent me two months ago that

is lost in the mail. They also refused to file a declaration testifying to the IRS' current belief of my tax

balance. The defendants did state however, that they "do not oppose dismissal of this lawsuit." Doc. 14

at 1. Since the IRS paid my two overdue tax refunds in full plus interest, all parties now agree the Court

no longer needs act on Part C of my motion.

But Parts A and B remain unresolved, so the motion should be granted as to those two requests. The

government incorrectly argues that "The Plaintiff has received the refund sought in the complaint, which

moots the remaining relief sought in his motion." *Id*. But that is not the case. Although the IRS has paid

my two tax refunds with interest, its attorney at the Department of Justice hasn't been able to explain

whether all of this dispute has in fact been resolved. In its Motion to Dismiss, the IRS submitted a declaration by William Gregg, a senior attorney in the Chief Counsel's Office of the IRS' Small Business/Self Employed Division. Doc. 7-2. Mr. Gregg declared that there are "unpaid federal income tax liabilities of Lucas Wall." *Id*. He also noted that "The records disclose that Lucas Wall has a Federal income tax liability for the taxable year 2016 in the amount of $23,534 as of September 6, 2021, which represents the $24,855 of tax, less credit for taxes withheld of $11,448 and the $121 credit described below in paragraph 6, plus interest and statutory additions to tax." *Id*. Attached to Mr. Gregg's declaration is an IRS Account Transcript dated Aug. 20, 2021, (and, confusingly, also dated Sept. 6) showing that my balance owed for the tax year ending Dec. 31, 2016, is $23,534. Doc. 7-3. Also attached is an IRS Account Transcript showing my balance for the tax year ending Dec. 31, 2018, is zero. *Id*.

Since Mr. Gregg's declaration was filed Sept. 30, the IRS appears to have done an about-face by paying the tax refunds I was owed for both 2016 and 2018 plus interest. But it refuses to file with this Court an updated IRS Account Transcript confirming that my balance for tax years 2016 and 2018 are both zero. In a prior filing, the IRS wrote:

> "Defendants wish to update the Court about recent events regarding Plaintiff's 2016 tax liabilities. The IRS abated the majority of the tax previously assessed for 2016 and issued a refund to Plaintiff on or about November 5, 2021, for the full amount Plaintiff seeks in his complaint and associated interest. Counsel is currently investigating the basis for the tax abatement and whether the abatement and the resulting tax refund were erroneous. If a determination is made that they were erroneous, the United States may seek to recover the refund under 26 U.S.C. § 7405 either as a counterclaim in this case or in a new lawsuit." Doc. 11 at FN 1.

In its latest filing, the IRS not only did not file an updated Account Transcript but could not even explain to the Court what my current balance is. "After the motion to dismiss was filed, however, it was determined that the Internal Revenue Service had abated $21,872 of the tax assessment. This resulted in the issuance of the $8,937.69 tax refund requested by Plaintiff in the complaint." Doc. 14 at 1-2.

The government's math doesn't add up. In the IRS Account Transcript dated Aug. 20 and Sept. 6, it claimed I owed $23,534 for tax year 2016. In its opposition to the instant motion, the IRS states it abated

2

$21,872 of the tax assessment. That would equal a remaining balance of $1,662 it claims I should owe. Yet the IRS, as it acknowledges in the very same filing, sent me a check in the amount of $8,937.69, a copy of which is in the record. Doc. 13-1. But if only $21,872 of my 2016 tax overassessment was abated, that doesn't explain how I ended up receiving a refund of $8.937.69 – everything I asked for in my Statement of Claim plus interest. We have here a large discrepancy of $10,599.69.

Before this case is dismissed, the IRS must be compelled to file my current Account Transcripts for 2016 and 2018 so I can be sure I have indeed received all of the relief demanded in this case. The government must not be allowed to dismiss this lawsuit and then turn around a week later and mail me an IRS bill for $10,599.69 – or some other seemingly randomly generated incorrect amount. The relief demanded in my Statement of Claim will only be complete when the updated IRS Account Transcripts are filed. Since IRS, which asserts it's ready for this case to be dismissed, mysteriously declines to voluntarily submit these, the Court must compel it to do so.

The IRS incorrectly argues in its opposition that the payment of my tax refunds strips this Court of jurisdiction. Doc. 14 at 2. But there still remains an actual "case or controversy" because the government has not produced the Account Transcripts confirming that my account balance with IRS is zero. Until those documents are filed, this case is not over as I do not have any assurance that the IRS properly corrected my tax overbilling from 2016 in full. Clearly I still have "a personal stake in the outcome of this lawsuit" because the discrepancy of $10,599.69 as IRS reported to the Court itself is a massive sum of money for someone living on disability insurance. The Court can still provide me an effective remedy by compelling the IRS to file my current 2016 and 2018 Account Transcripts – a simple request that should not burden the agency. The Court should not be satisfied that this controversy is over until these documents are filed. The fact IRS refuses to submit them should be a red flag to the Court that it is trying to hide something nefarious.

Indeed, the Department of Justice continues threatening me with the possibility of more erroneous tax bills in its latest filing. "The Tax Division has requested information from the Internal Revenue Service to determine whether the tax abatement was erroneous. If the tax abatement was erroneous, the United States may file a suit to recover the refund as erroneous under 26 USC § 7405. That determination, however, has not been completed at this time…" Doc. 14 at FN 1.

The government goes on to falsely speculate that "Plaintiff is seeking a declaration that the United States will not file an erroneous refund suit or otherwise seek to recover funds related to Plaintiff's 2016 tax liabilities…" *Id*. at 3. It then argues that such a request would violate the Anti-Injunction Act. But I have made so such motion. I simply want the Court to compel the IRS to file the missing letter it sent to me in the mail and to "to produce a declaration testifying to the IRS' current belief of my tax balance." If the IRS Account Transcripts confirm my 2016 and 2018 are zero, this case is over and I will be more than happy to file a joint stipulation of dismissal. However, if the IRS Account Transcripts show that I still owe money for 2016 and/or 2018 despite the refund I was issued, then we still have a controversy that this Court has jurisdiction to adjudicate.

I disagree with the government's statement that "Plaintiff's effort to obtain a declaration that Defendants have determined that he owes an amount certain of zero dollars that will not later change would have the effect of restraining the assessment or collection of a tax and is barred by the Anti-Injunction Act." *Id*. at 3. Asking for the IRS to be compelled to file the current Account Transcripts for 2016 and 2018 in no way equals asking for an injunction.

WHEREFORE, I request the Court enter the attached proposed order granting Parts A and B of the instant motion and denying Part C as moot. The government should be compelled within 14 days of the entry of the order to: A) produce the IRS letter it sent me that was returned to it or is lost in the mail; and B) if that letter does not show my account balance as zero, to produce a declaration testifying to the IRS' current belief of my tax balance.

5

Respectfully submitted this 15th day of December 2021.

*Lucas Wall*

Lucas Wall, plaintiff
435 10th St., NE
Washington, DC 20002
Telephone: 202-351-1735
E-Mail: Lucas.Wall@yahoo.com